FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOV -9 PM 2:35

------------------------------------------------------------ x

JAMIE EDWARDS,

                Plaintiff,

-against-

CITY OF NEW YORK; Lieutenant Robert Henderson; Police Officer Tabor (Shield No. 1099) and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------ x

CV 12 - 5556

**COMPLAINT**

Jury Trial Demanded

COGAN, J.

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jamie Edwards ("plaintiff" or "Mr. Edwards") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Tabor, Shield No. 1099 ("Tabor"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Tabor is sued in his individual and official capacities.

9. Lieutenant Robert Henderson, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Henderson is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. At all times relevant herein, all individual defendants were acting under color of state law.

13. At or about 12:10 a.m. on April 8, 2012, Plaintiff, who has no criminal record, was lawfully walking towards his home at 1245 East 92nd Street in Brooklyn, New York.

14. As Plaintiff made his way home, three plainclothes officers exited an unmarked car, and approached plaintiff. Frightened, plaintiff ran into his backyard.

15. Defendant Officers ran after plaintiff, ultimately shoving plaintiff down a back stairwell. While plaintiff was on the ground, the Officers struck him about the legs, body and face.

16. Plaintiff was cuffed and dragged into a police vehicle. Plaintiff requested that the officers loosen his handcuffs. This request was denied.

17. Plaintiff was taken to the 69th Precinct.

18. The following morning, Plaintiff was taken to Kings Central Booking.

19. Ultimately, Plaintiff was arraigned in Kings County Criminal Court, where he was charged with felony assault on a police officer and other related charges. No bail was set on plaintiff and plaintiff was released.

20. Shortly after his release, plaintiff took himself to Kings County Hospital for treatment of his injuries.

21. After numerous court appearances, all charges against Plaintiff were dismissed.

22. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

## FIRST CLAIM
### Unlawful Stop and Search

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

25. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

31. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

32. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against Plaintiff.

38. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Abuse Of Process

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants issued legal process to place Plaintiff under arrest.

43. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

44. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM

## Negligent Hiring/Training/Retention

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

48. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

49. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

50. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   November 8, 2012
         New York, New York

_____
Robert Marinelli, Esq.
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*